UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 1:21-mj-02973-AOR

UNITED STATES OF AMERICA

v.

WILMAR ESTUPINAN PADILLA,
YIMINSON CAICEDO VALLECILLA,
and LIVER GRUEZO,

    Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___Yes  _X_No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___Yes  _X_No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   ___Yes  _X_No

Sincerely,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: _____
Frederic C. Shadley
Assistant United States Attorney
Court ID No. A5502298
11200 N.W. 20th Street
Miami, Florida 33172
(305) 715-7649
(305) 715-7639 (fax)
Frederic.Shadley@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
| WILMAR ESTUPINAN PADILLA, | ) Case No. 1:21-mj-02973-AOR |
| YIMINSON CAICEDO VALLECILLA, | ) |
| and LIVER GRUEZO, | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __May 5, 2021__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b). |
| | Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

*Brian Smith*
Complainant's signature

DEA Special Agent Brian Smith
Printed name and title

Attested to in accordance with the requirements
of Federal Rule of Criminal Procedure 4.1 by __Face Time__

Date: 5/18/21

*Alicia O. Reyes*
Judge's signature

City and state: Miami, Florida

Hon. Alicia M. Otazo-Reyes, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Brian Smith, being duly sworn, hereby depose and state the following:

1. I am currently assigned as a Special Agent with the Drug Enforcement Administration (DEA) in Miami, Florida and have worked in this capacity since November 1998. My official DEA duties include investigating criminal violations of federal narcotics laws. I have also been involved in various types of visual and electronic surveillances, and I have been involved in the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of controlled substances, and of the laundering and concealing of proceeds from drug trafficking. I am familiar with the ways in which drug traffickers conduct their business, including but not limited to their methods of importing and distributing narcotics.

2. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law to conduct investigations of and make arrests for, but not limited to, offenses enumerated in Titles 18, 21 and 46 of the United States Code.

3. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint against Wilmar ESTUPINAN PADILLA, Yiminson CAICEDO VALLECILLA, and Liver GRUEZO, for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. The facts contained in this Affidavit are based on my personal knowledge, as well as other information obtained from other law enforcement personnel, and other witnesses. This affidavit contains only sufficient information to show probable cause for the complaint sought, and does not include all information known to law enforcement at this time.

4. On or about May 5, 2021, while on patrol in the Eastern Pacific Ocean, a U.S.

Government Marine Patrol Aircraft (MPA) detected a low-profile vessel, or target of interest (TOI), approximately 350 nautical miles north northwest of Darwin Island, Ecuador, in international waters. The U.S. Coast Guard Cutter (USCGC) ACTIVE was patrolling nearby and diverted to intercept. The USCGC ACTIVE launched two smaller Over the Horizon (OTH) vessels with boarding teams, and also launched a helicopter (HELO). The OTH vessels reported no indicia of nationality visible on the TOI while in international waters traveling through a known drug trafficking area. The OTH vessels and HELO arrived roughly simultaneously on scene with the TOI, and issued warning shots that resulted in the TOI stopping. The OTH boarding teams achieved control of the TOI and removed three subjects (the Defendants) from the TOI for stability and safety concerns. The OTH boarding team observed no vessel name, no registration number, no markings on the vessel, and no other indicia of nationality. The master of the vessel made no claim of nationality for the vessel, and based on the results of the boarding, the Coast Guard was authorized to treat the vessel as without nationality and conduct a full law enforcement boarding.

5. The OTH boarding team opened the centerline hatch of the vessel and observed packages consistent with contraband. The packages were removed, and field tested for narcotics. The test returned positive for cocaine, with a total approximate weight of 1,390 kilograms. The three Defendants were then detained, and were later identified as Wilmar ESTUPINAN PADILLA, Yiminson CAICEDO VALLECILLA, and Liver GRUEZO, all Colombian Nationals.

6. Based on the foregoing facts, I submit that probable cause exists to believe that Wilmar ESTUPINAN PIDILLA, Yiminson CAICEDO VALLECILLA, and Liver GRUEZO, while on board a vessel subject to the jurisdiction of the United States, did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is five

kilograms or more of cocaine, in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code, Section 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*Brian Smith*
Brian M. Smith
Special Agent
Drug Enforcement Administration

Attested to in accordance with the requirements of
Federal Rule of Criminal Procedure 4.1 by __Face Time__

This __18th__ day of May, 2021.

_____
Hon. Alicia M. Otazo-Reyes
U.S. Magistrate Judge